UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

UNITED STATES OF AMERICA,

Plaintiff,

V.

WILLIAM G. HENSLEY,

Defendant.

Criminal Action No. 2: 11-069-DCR

**MEMORANDUM OPINION AND ORDER**

*** *** *** ***

Defendant William G. Hensley is currently serving a 65-month term of imprisonment for conspiring to distribute cocaine. [Record No. 267] The matter is pending for consideration of Hensley's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). [Record No. 386] Specifically, Hensley argues the length of his incarceration should be reduced as a result of a recent change to the drug tables in the United States Sentencing Guidelines. After reviewing Hensley's motion and the record, the Court declines to reduce the defendant's sentence under the circumstances presented.[1]

1 The Court has also determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

On November 10, 2011, a twenty-eight count Indictment was returned against Hensley and ten other defendants. [Record No. 16] Hensley was charged in Count 1 with conspiring to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was also charged in Counts 10, 12, and 16 with distributing of cocaine in violation of 21 U.S.C. § 841(a)(1). A Superseding Indictment was returned on January 5, 2012; however, the charges against Hensley were not affected. [Record No. 76] These charges were the result of Hensley's role as a street-level distributor in an extensive conspiracy to distribute cocaine and marijuana in Covington, Kentucky. Hensley acknowledged in his written Plea Agreement to receiving approximately one ounce of cocaine per month for distribution for approximately 24 months. [Record No. 257, p. 4] Hensley pleaded guilty to conspiring to distribute 500 grams or more of cocaine, a lesser included offense of Count 1 of the Superseding Indictment. [Record No. 174] The other charges were dismissed upon motion of the United States during sentencing.

Hensley was sentenced on July 12, 2012. [Record No. 256] There were no objections to the defendant's Presentence Investigation Report ("PSR") which affected the guideline calculation. Hensley's Total Offense Level was determined to be 23 under the United States Sentencing Guidelines. [PSR, p. 11] And based on his previous criminal

---

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

convictions, Hensley was placed in Criminal History Category III. As a result, Hensley's non-binding guideline range for imprisonment was 60 to 71 months. [PSR, p. 20]

When evaluating the sentence to be imposed, all relevant factors of 18 U.S.C. § 3553 were carefully considered including the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance of responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes by Hensley. Ultimately, the Court concluded that a sentence of less than 65 months would not satisfy the statutory factors. The subsequent amendment to the drug quantity tables does not alter this determination.

The undersigned continues to believe that the sentence previously imposed is not greater than necessary to meet all statutory goals included in 18 U.S.C. § 3553(a). The defendant has a criminal history involving controlled substances. Further, he was under a criminal justice sentence at the time of the instant offense, which affected his criminal history calculation. [PSR, p. 16] A reduced sentence would not promote the goals of general or specific deterrence, but would, instead, unduly diminish the seriousness of Hensley's criminal conduct. Further, a reduction would fail to adequately reflect the detrimental impact such crimes have on the communities of the Eastern District of Kentucky.

Accordingly, it is hereby

**ORDERED** that Defendant William G. Hensley's motion for a reduction of his sentence under 18 U.S.C. § 3582(c) [Record No. 386] is **DENIED**.

This 10th day of March, 2015.

**Signed By:**
***Danny C. Reeves*** DCR
**United States District Judge**